

**EOD**
08/23/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MONTE PRESTON DAVIS | § | Case No. 04-11015 |
| d/b/a Davis Builders and MPD Vending | § | |
| | § | |
| Debtor | § | Chapter 7 |

## MEMORANDUM OF DECISION

This matter came before the Court upon hearing of the "Motion for Payment of Administrative Expenses Pursuant to §503(b)(3)" (the "Motion") filed by Ronald E. and Pamela Bertanzi (the "Movants") and the objection filed to such Motion by Daniel J. Goldberg, Chapter 7 Trustee (the "Trustee"), in the above-referenced case. The Motion seeks the payment of an administrative expense under either §503(b)(3)(B) or §503(b)(3)(D). Upon due consideration of the evidence and the applicable legal authorities, the Court concludes that the Motion must be denied. This memorandum of decision disposes of all issues pending before the Court.[1]

## Background

The facts are not in serious dispute here. Ronald and Pamela Bertanzi were pre-petition judgment creditors of the debtor, Monte Preston Davis (the "Debtor"), arising from a judgment entered by the 122nd Judicial District Court of Galveston County,

---

[1] This Court has jurisdiction to consider the motion pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O).

Texas, in the principal amount of $876,660.05 on May 3, 2004. In the post-judgment period prior to the filing of the bankruptcy case, the Movants aggressively exercised their rights to pursue post-judgment discovery against the Debtor and conducted an exhaustive search of land records in various counties, seeking to discover the existence of non-exempt property upon which their judgment liens could attach. As those efforts unfolded, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 24, 2004. Daniel Jacob Goldberg was appointed as the interim trustee of the bankruptcy estate in the case.

On November 2, 2004, the Movants filed a motion and subsequently received an order directing the Debtor to appear for examination under Bankruptcy Rule 2004 on November 9, 2004 — a date agreed upon by the Movants and the Debtor. The Movants sought the examination through their status as a party in interest in the case. There is no dispute that the Movants were not acting under any type of authority from the Trustee. In fact, the Trustee also appeared through counsel at the Debtor's 2004 examination. There is also no dispute that the examination resulted in the disclosure of a considerable amount of information regarding the Debtor's non-exempt property, primarily due to the pre-petition discovery work which had been performed by the Movants. There were many parcels of real estate, which had not been previously scheduled by the Debtor, but which were subsequently scheduled due to the information elicited at the examination. In preparing and conducting the 2004 examination, the Movants incurred fees and expenses

of $5,531.90.

The Movants now seek the payment of an administrative expense for the $5,531.90. They contend that they are entitled to such award under §503(b)(3)(B) or other subsections of §503(b) because, through their efforts and knowledge, property which was previously unknown and unidentified has been added to the Debtor's bankruptcy estate that would not otherwise would have been disclosed, thereby bestowing a substantial benefit upon the Debtor's estate. Though acknowledging that the Movants' actions have aided the administration of the estate, the Trustee asserts that, under the applicable sections of the Bankruptcy Code, the Movants are not entitled to an administrative expense priority to the detriment of other unsecured claimants and that the request should be denied.

## Discussion

The Movants contend that their administrative expense request is proper under §503(b)(3)(B) and/or (D). §503(b)(3) provides, in relevant part, that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including —
> . . .
> (3) the actual, necessary expenses . . . incurred by —
>
> > (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
> > . . .

-3-

> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a substantial contribution in a case under chapter 9 or 11 of this title;
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant . . . .

If a creditor can demonstrate its entitlement to a recovery of its expenses under §503(b)(3), then it also becomes entitled to an award of related attorney's fees under §503(b)(4). However, because of the payment priority afforded to administrative expense claims, §503(b) must be narrowly construed, *In re Lovay*, 205 B.R. 85, 86 (Bankr. E.D. Tex. 1997), and, as in all of the categories of §503(b), the burden of proof to establish the prerequisites for allowance of an administrative expense claim under §503(b)(3) clearly rests upon the claimant. *Ford Motor Credit Co. v. Dobbins*, 35 F.3d 860, 866 (4th Cir. 1994); *Gen. Am. Transp. Corp. v. Martin (In re Mid Region Petroleum, Inc.)*, 1 F.3d 1130, 1132 (10th Cir. 1993); *In re Am. Plumbing & Mech., Inc.*, 323 B.R. 442, 464 (Bankr. W.D. Tex. 2005).

First of all, it is clear that §503(b)(3)(D) is unavailable to the Movants in this context because recovery of expenses for making a "substantial contribution" to a case is available only under chapters 9 or 11. It is not available in a Chapter 7 case. Therefore,

any recovery by the Movants must be authorized under §503(b)(3)(B).

§503(b)(3)(B) entitles a creditor who recovers for the benefit of the estate property transferred or concealed by a debtor, under specified circumstances, to obtain a reimbursement of its expenses as an administrative expense claim. However, the Trustee argues that the Movants are ineligible for a §503(b)(3)(B) administrative expense claim since they did not obtain court approval prior to initiating their efforts to unveil the properties which the Debtor failed to disclose on his schedules. The Movants argue that the Court has the equitable power to allow the reimbursement of their expenses or, alternatively, that the Court's order authorizing the taking of the Rule 2004 examination constitutes the requisite court approval necessary to invoke the recovery authorized by §503(b)(3)(B).

The Court concludes that the Movants are ineligible for a recovery under §503(b)(3)(B) because they did not obtain *prior* court approval to proceed with the services for which the reimbursement is sought.[2] "Section 503(b)(3)(B) expressly requires that *prior* court approval be given," *In re Lagasse*, 228 B.R. 223 (Bankr. E.D. Ark. 1998) (emphasis in original), and "[t]o allow an administrative expense to a party for the recovery of a transferred or concealed asset *without* that party obtaining prior court approval would be tantamount to deleting the phrase from the statute." *In re Cent. Idaho*

---

[2] As the Trustee's post-submission brief suggests, there is also significant doubt as to whether the Movants have proven that there has been any "recovery" of property at all as of the present time. However, the missing element of prior court approval precludes the application of §503(b)(3)(B) in any event and eliminates the necessity of waiting for further developments in the case.

*Forest Prod.*, 317 B.R. 150, 157 (Bankr. D. Idaho 2004) (emphasis in original).  The statute is expressed in those terms in order to preserve the trustee's sole control of the bankruptcy estate, and the amount of administrative expenses incurred by that estate, which would otherwise threaten a significant decrease in the estate's distributions to unsecured creditors.  As one court has observed, the prerequisite of prior court approval

> assures that the estate will be administered in an orderly and efficient manner without a multiplicity of wasteful litigation and without diverting the trustee's attention.  The trustee makes the decisions of what actions to bring, when to bring them and how to prosecute them.  A creditor may disagree with a trustee's decision not to prosecute an action.  In that event, the creditor may seek to compel the trustee to act or may seek court approval to prosecute the action itself.  If granted, the creditor prosecutes the action on behalf of the estate, not on its own behalf.  This policy and the availability of a remedy if the trustee fails to act re-enforce the plain meaning of §503(b)(3)(B) that prior approval is required.

*In re Elder*, 321 B.R. 820, 829 (Bankr. E.D. Va. 2005).

It should be obvious that this prerequisite is not fulfilled by the Court's execution of an order authorizing a 2004 examination of a debtor.  Any party in interest may seek an order authorizing a 2004 examination.  While it is true that such an examination is often the first step toward the identification of assets which have been transferred or concealed by a debtor, the authorization to conduct such an examination is a far cry from receiving an authorization to initiate proceedings to recover such assets from a debtor.  That is the job of the trustee and, although it is compelling to believe that a creditor could be

authorized by a bankruptcy court to pursue a recovery of assets on behalf of an estate in light of a trustee's refusal or inability to do so,[3] no such relief was granted to the Movants in this case, nor was such relief even sought by the Movants.

Further, the absolute prerequisite of prior court approval cannot be diluted by the argument that §503(b) merely offers an illustrative, and not exhaustive, list of circumstances under which an administrative expense can be awarded and that a bankruptcy court may exercise its discretion to identify circumstances justifying such an award. "[W]hen a subsection [of §503(b)] directly addresses the type of administrative expense sought, the restrictions in it cannot be avoided by appealing to the non-exclusive nature of §503(b)." *Id*.  See also, *In re Blount*, 276 B.R. 753, 764 (Bankr. M.D. La. 2002) ["To expand the situations expressly covered by the Section [§503(b)] to include expense reimbursement under circumstances failing to meet the requirements of those explicitly stated situations would effectively contradict the conditions of expense recovery which are expressly stated."].

The Movants should clearly be commended for their efforts in unearthing assets of the Debtor which will enlarge the size of the bankruptcy estate and inure to the benefit of all unsecured creditors. They will undoubtedly benefit from their own actions through the

---

[3] *See, e.g., In re Blount*, 276 B.R. 753, 764 (Bankr. M.D. La. 2002) ["Section 503(b)(3)(B), therefore, must be interpreted to provide statutory authority for a court to approve a creditor to act instead of a trustee, and thus, provides an express statutory grant of the authority of the court to confer derivative standing upon creditors to pursue actions that will lead to the recovery of property transferred or concealed by the debtor, for the benefit of the estate."].

anticipated increase in estate distributions. However, offering cooperation and assistance to the trustee as performed by the Movants in this case must always be tempered by a recognition of the trustee's ultimate control over the recovery and the disposition of such assets, and by an acknowledgment that any fees or expenses incurred by a creditor in such an endeavor will likely be borne by the creditor itself.

Accordingly, for the foregoing reasons, the Court finds that the Motion for Payment of Administrative Expenses Pursuant to §503(b)(3) filed by Ronald E. and Pamela Bertanzi in the above-referenced case must be denied. This memorandum of decision constitutes the Court's findings of fact and conclusions of law[4] pursuant to FED. R. CIV. P. 52, as incorporated into contested matters in bankruptcy cases by FED. R. BANKR. P. 7052 and 9014. A separate order shall be entered consistent with this opinion.

Signed on 8/23/2005

*[signature: Bill Parker]*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[4] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.