

09/28/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MONTE P. DAVIS d/b/a | § | Case No. 04-11015 |
| Davis Builders and MPD Vending | § | |
| | § | |
| Debtor | § | Chapter 7 |

## MEMORANDUM OF DECISION[1]

This matter is before the Court upon hearing of the "Trustee's Objection to Debtor's Exemptions" filed on April 5, 2004, by the Chapter 7 trustee, Daniel Jacob Goldberg ("Trustee"), in the above-referenced case. The objection sought to invalidate the homestead exemption claimed by the Debtor, Monte P. Davis ("Debtor"), as to certain real property identified on the Debtor's Schedule A and Schedule C as "205 Tampa, Crystal Beach, Texas, Abst. 203, Page 14, Lot 52, Gulfport Village Subdivision, Replat #2, Galveston County, Texas" (hereafter, the "Tampa Property"). A hearing was held upon these matters on April 26, 2005, and upon the conclusion of such hearing each party was permitted to file post-submission briefs. After the hearing, the Trustee withdrew all exemption objections other than his objection to the Debtor's claimed homestead exemption. Upon due consideration of the evidence and upon research and review of the applicable legal authorities, including the post-submission briefs filed by each party, the

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

Court concludes that the Trustee's Objection to Debtor's Exemptions should be overruled.[2]

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. §541(a). The debtor may then exempt certain property from the bankruptcy estate by claiming either the federal exemptions provided by §522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. §522(b). In assessing a debtor's claimed exemptions, the court must look to state law to interpret the state exemption rights. *Bradley v. Pacific Southwest Bank (In re Bradley)*, 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), *rev'd on other grounds*, *In re Bradley*, 960 F.2d 502 (5th Cir. 1992); *see also In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987) ["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], *aff'd by Matter of Moody*, 862 F.2d 1194 (5th Cir.). The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (*citing White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 69 L.Ed. 301

---

[2] This Court has jurisdiction to consider the objections pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O).

(1924) ["(The Bankruptcy Code) makes the state laws existing when the petition is filed the measure of the right to exemptions."]); *Hrncirik v. Farmers Nat'l Bank (In re Hrncirik),* 138 B.R. 835, 839 (Bankr. N.D. Tex. 1992) [stating that exemptions are determined as of the date of the filing of the bankruptcy petition].

Because the Debtor in this case selected the Texas state law exemptions, the Court must look to Texas law existing as of the July 22, 2004, petition date. The Texas Constitution, both now and on the petition date, states that:

> The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land; provided, that the homestead in a city, town or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired; provided further that a release or refinance of an existing lien against a homestead as to a part of the homestead does not create an additional burden on the part of the homestead property that is unreleased or subject to the refinance, and a new lien is not invalid only for that reason.[3]

---

[3] *See* TEX. CONST. art. XVI, §51 (amended 1999); *see also England v. FDIC*, 975 F.2d 1168, 1172 (5th Cir. 1992) ["From the beginning of Texas' statehood in 1845, its constitutions have provided homestead protection to its residents. . . ."].

Similarly, the Texas Property Code states as follows:

> (a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.
>
> (b) If used for the purposes of a rural home, the homestead shall consist of:
>
>> (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
>>
>> (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.[4]

This exemption protects a debtor's homestead from seizure for the claims of creditors, except for encumbrances which are "properly fixed" on the homestead property.[5] Section 41.001(b) then proceeds to describe those encumbrances which may be "properly fixed on homestead property." *See* TEX. PROP. CODE ANN. §41.001(b).

The homestead exemption under Texas law has a long and distinguished history. Several rationales have historically been cited to support the necessity of the Texas homestead exemption including: (1) maintaining the unity of the family and encouraging homesteading; (2) providing a home and a means of support for both the debtor and the

---

[4] TEX. PROP. CODE ANN. §41.002(a), (b) (Vernon 2000).

[5] TEX. PROP. CODE ANN. §41.001(a) states that "[a] homestead . . . [is] exempt from seizure for the claims of creditors except for encumbrances properly fixed on homestead property."

family; and (3) establishing in the individual a sense of freedom and independence which was determined necessary to the continued existence of democratic institutions. *See 1018-3rd Street v. State,* 331 S.W.2d 450, 453 (Tex. Civ. App. — Amarillo 1959, no writ); *see also England v. FDIC (In re England)*, 975 F.2d 1168, 1174 (5th Cir. 1992) ["Texas cases have consistently held that the fundamental purpose of the Texas homestead laws is to secure a place of residence against financial disaster."] (*citing Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931)). In order to advance these purposes, Texas courts have always liberally construed any claimed homestead exemption. *Woods v. Alvarado State Bank*, 19 S.W.2d 35 (Tex. 1929) ["The rule that homestead laws are to be liberally construed to effectuate their beneficent purpose is one of general acceptance."] (*citing Trawick v. Harris*, 8 Tex. 312 (1852)); *In re Mitchell*, 132 B.R. 553, 557 (Bankr. W.D. Tex. 1991).

Although the party objecting to the homestead exemption has the ultimate burden of persuasion (or the risk of non-persuasion) pursuant to FED. R. BANKR. P. 4003(c), the debtor-claimant must sustain an initial burden of production or going forward with the evidence to establish that the referenced property qualifies for the exemption claimed before the objecting party is obligated to go forward with his proof. This is consistent with Texas law in this area which requires any homestead claimant to prove that the property claimed as homestead actually qualifies for the homestead exemption. *See, e.g., Perry v. Dearing (In re Perry),* 345 F.3d 303, 311 (5th Cir. 2003) ["The claimant has the

initial burden of establishing homestead status."] (*citing Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex. 1972)); *Bradley v. Pac. Southwest Bank (In re Bradley),* 960 F.2d 502, 507 (5th Cir. 1992) ["It is well settled in Texas that an individual who seeks homestead protection has the initial burden to establish the homestead character of her property."] (*citing Lifemark Corp. v. Merritt,* 655 S.W.2d 310, 314 (Tex. App. — Houston [14th Dist.] 1983, writ ref'd n.r.e.)); *Vaughn v. Vaughn*, 279 S.W.2d 427, 436 (Tex. Civ. App. — Texarkana 1955, writ ref'd n.r.e.) and cases cited therein.

Generally, in order to assert homestead rights in a particular property, a person must use the property as a home. TEX. CONST. art. XVI, §51 (amended 1999); TEX. PROP. CODE ANN. §41.002(a), (b) (Vernon 2000). *See also Claflin*, 761 F.2d at 1091 ["the purpose of the homestead exemption laws is to protect the possession and enjoyment of the individual in property which is *used* as his or her home" (*emphasis added)*]; *Yates v. Home Bldg. & Loan Co.*, 103 S.W.2d 1081, 1084-85 (Tex. Civ. App. — Beaumont 1937, no writ) ["Homestead rights in a house cannot be acquired by mere intention, but to effectuate the intent actual use of the property as a home must concur."].

A preponderance of the evidence supports the fact that the Debtor established a homestead on the Tampa Property in 2001. He testified without contradiction that he used the Tampa Property exclusively as his home from the time of his divorce in 2001 until his marriage in September 2002 and that he intended for the Tampa Property to be his homestead. Such use combined with his intent was sufficient to create a homestead

interest in the Tampa Property, notwithstanding the continuation of a homestead tax exemption on his former marital homestead in Galveston County in 2002 which clearly was no longer occupied by him during that time period.

The Trustee's objection is based primarily upon the fact that the Debtor, as of the time of the filing of the petition, listed his residence at 6198 Washington in Groves, Texas (the "Groves Property") – a home that he shares with his new wife and step-child. The Groves Property was purchased by the Debtor in late 2001 as an investment property to re-model and sell. At some time subsequent to his marriage, the Debtor's wife and step-child elected to reside in the Groves Property rather than the Tampa Property so that the wife could retain her employment as a nurse and so that the child could attend school in the Groves school district. The Debtor testified, again without contradiction, that he now splits time between the two locations, spending most of each week at the Tampa Property which is adjacent to his employment location, and spending most weekends and some isolated weekdays in Groves, while the entire family spends other weekends at the Tampa Property. He anticipates that such a scenario will continue until such time as the child graduates or the Groves Property becomes the subject of a foreclosure sale, at which time all of the family would return to the Tampa Property on a full-time basis.

The Trustee implicitly argues that it is the Debtor's burden to prove that the Groves Property is not his homestead. However, because the Debtor has established the creation of a homestead interest in the Tampa Property in 2001, the burden to prove

abandonment of that homestead falls squarely upon the Trustee. Once the homestead rights have been established in the property, there is a presumption that such rights continue until abandonment, and the party asserting the abandonment must bear the burden of proving such abandonment.[6] *Sullivan v. Barnett*, 471 S.W.2d 39, 43 (Tex. 1971) ["When homestead rights are once shown to exist in property, they are presumed to continue, and anyone asserting an abandonment has the burden of proving it by competent evidence."] (*citing Rancho Oil Co. v. Powell*, 142 Tex. 63, 175 S.W.2d 960 (1943); *Burkhardt v. Lieberman*, 138 Tex. 409, 159 S.W.2d 847 (1942); *Moorhouse v. Crew*, 273 S.W.2d 654 (Tex. Civ. App. — San Antonio 1954, writ ref.'d)); *Firstbank v. Pope*, 141 B.R. 115, 120 (E.D. Tex. 1992) ["Once a homestead is established, it is presumed to continue until it is abandoned, and the party asserting the abandonment has the burden of proof."] (*citing In re Bohac,* 117 B.R. 256, 261 (Bankr. W.D. Tex. 1990); *In re Niland,* 825 F.2d 801, 808 (5th Cir. 1987)). In attempting to carry its burden, the objecting party must affirmatively prove "both the cessation or discontinuance of use of the property as a homestead, coupled with the intent to permanently abandon the homestead." *Estate of Montague v. National Loan Investors*, L.P., 70 S.W.3d 242, 248 (Tex. App. — San Antonio 2001, pet denied) (*citing Womack v. Redden,* 846 S.W.2d 5, 7 (Tex. App. —

---

[6] Homestead property in Texas loses its homestead character only upon death, alienation, or abandonment. *See U.S. v. Rodgers*, 461 U.S. 677, 685-86, 103 S.Ct. 2132, 2138, 76 L.Ed.2d 236 (U.S. 1983); *Intertex, Inc. v. Kneisley*, 837 S.W.2d 136, 138 (Tex. App. — Hous. [14 Dist.] 1992, writ ref'd) ["The Texas case law is clear that a homestead property loses its homestead protection [only] upon the death of the claimants, abandonment, or alienation by them."]. Because only abandonment is raised in this case, the Court will limit its discussion to that issue.

Texarkana 1992, writ denied)); *see also Firstbank*, 141 B.R. at 120 ["(A)bandonment requires not only intent to permanently abandon the former homestead, but also overt acts of discontinued use of the property." (*citing In re Bohac*, 117 B.R. at 262)]. Moreover, the party asserting the abandonment must satisfy a very stringent burden of proof in order for a court to find an abandonment of the claimant's homestead rights. *Estate of Montague v. National Loan Investors*, L.P., 70 S.W.3d at 248 ["The evidence relied on as establishing abandonment of a homestead must make it *undeniably clear* that there has been a total abandonment with an intention not to return and claim the exemption."] (emphasis added); *Taylor v. Mosty Bros. Nursery, Inc.*, 777 S.W.2d 568, 569 (Tex. App. — San Antonio 1989, no writ) ["To show abandonment of one's homestead interest, the party claiming abandonment must show, *by clear, conclusive and undeniable evidence*, that the homestead claimant moved with the intention of not returning to the property."] (emphasis added); *In re Estate of Casida,* 13 S.W.3d 519, 521-22 (Tex. App. — Beaumont 2000, no pet. h.) ["The party claiming abandonment must plead it and carry the burden of proving it. *Said burden is a heavy one.*"] (emphasis added).

Upon examination of the evidence presented in light of the foregoing precedents, the Trustee has clearly failed to sustain the stringent burden imposed upon him to prove that it is undeniably clear that the Debtor abandoned his homestead rights in the Tampa Property. The Trustee has failed to prove any cessation of the use of the Tampa Property as a homestead. The Trustee has failed to prove the Debtor's intent to permanently

abandon the use of the Tampa Property as a homestead.

The Trustee claims that the Debtor's homestead claim is defeated because his wife and step-child currently reside in Groves and he listed the Groves Property as his residence on the bankruptcy petition. However, those facts are far from sufficient to demonstrate an abandonment of the Tampa Property homestead. See *In re Estate of Casida*, 13 S.W.3d at 522 ["The acquiring of a new home is not always the acquiring of a new homestead, and one does not necessarily abandon a homestead by merely moving his home."] (*quoting Rancho Oil Co. v. Powell*, 175 S.W.2d 960, 963 (Tex. 1943)); *Sanchez v. Telles*, 960 S.W.2d 762, 771 (Tex. App. — El Paso 1997, pet. denied) ["It is the acquisition of a new homestead, *not merely the acquisition of a new home*, which operates as an abandonment of homestead rights."] (emphasis added). No evidence was adduced by the Trustee that the Groves Property has been declared as a homestead by the Debtor or by anyone in the Debtor's family, nor has any other fact been demonstrated to establish the Debtor's acquisition of a new homestead in Groves.

There simply has been no "clear, conclusive, and undeniable evidence" that the Debtor has even vacated the Tampa Property, much less that he has vacated such property with the intent to abandon his claimed homestead interest therein. Accordingly, the objection filed by the Trustee to the Debtor's homestead exemption claim pertaining to the Tampa Property must be overruled.

This memorandum of decision constitutes the Court's findings of fact and

conclusions of law[7] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 9/28/2005

*[signature: Bill Parker]*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[7] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.